*538 OPINION.
Love :
We will dispose of the claim for depreciation first. There is no evidence in the record as to the character of the building, of what material constructed, dimensions, manner of finish, or character of service to which it was subjected. We are totally unable to determine the useful life of the building, and hence must approve the determination of the Commissioner as to that claim.
We come now to the question of the right to charge off the alleged bad debt. There is no controversy in regard to the question of the existence of the claim for storage fees, nor as to the amount of such fees. The claim primarily was against the Texas Motor Car Co. Petitioner sought to hold the railroad company secondarily liable. That petitioner, beginning in 1920, had charged this claim on its books is evidenced by the fact that it billed the same to the railroad company from time to time until the railroad company affirmatively denied liability.
It then filed suit against the Texas Motor Car Co. and the railroad company. The railroad company answered denying liability. Its attorney then advised it that, by reason of the insolvency of the Texas Motor Car Co., a judgment against it would be worthless; that in view of the denial of liability by the railroad company and the fact that no warehouse receipt had been issued for the goods, there was but little chance of proving its case in court against that company, and he advised it to abandon the effort to collect the claim. The suit was abandoned and the debt charged off in 1921.
There is no escape from the conclusion, under the evidence, that petitioner had a debt due it for services rendered. That debt was due, primarily, by the Texas Motor Car Co. Petitioner was advised by its attorney that it probably could not prove liability on the part of the railroad company. The Texas Motor Car Co., after investigation, was known to be insolvent. We believe that, under the circumstances of this case, petitioner was fully justified in concluding in 1921 that the debt was worthless. That it was afterwards voluntarily paid by the railroad company does not affect its status as it existed in December, 1921. Appeal of Egan & Hausman Co., 1 B. T. A. 556.
Judgment will be entered on 16 days’ notice, under Bule 60,